UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FERNANDO ENRIQUEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO.  16-CV-22653 |
| | § |
| ASSOCIATION LAW GROUP, P.L. and | § |
| VENETIA CONDOMINIUM | § |
| ASSOCIATION, INC., | § |
| | |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, FERNANDO ENRIQUEZ, by and through undersigned counsel, hereby files this Complaint against Defendants, ASSOCIATION LAW GROUP P.L. and VENETIA CONDOMINIUM ASSOCIATION, INC., and alleges:

1. This is an action brought by the Plaintiff, a consumer, under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§559.55-785 ("FCCPA"). The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, FERNANDO ENRIQUEZ, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55 and 15 U.S.C. § 1692a(3).

3. Defendant, ASSOCIATION LAW GROUP, P.L.("ALG"), is a corporation with its principle place of business at 1200 Brickell Avenue, PH2000, Miami, FL 33131.

4. ALG admits it "is a full service law firm dedicated to the representation of homeowner and condominium associations throughout Florida, as well as other not-for-profit corporations."[1] ALG is a "person" subject to regulation under Fla. Stat. § 559.72 because Defendant collects or attempts to collect consumer debt on behalf of many of these associations and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant, VENETIA CONDOMINIUM ASSOCIATION, INC. (the "Association"), is a condominium association operating pursuant to Fla. Stat. Chapter 718 *et seq.* and has its principle place of business at 555 N.E. 15 STREET, MIAMI, FL 33132.

6. This Court has original jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) for the FDCPA claims, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a) as it is so closely related so as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

8. Plaintiff owns condominium unit 17C in the Venetia Condominium, at 555 NE 15th Street, Miami, FL 33132. Plaintiff has been the object of collection activity arising from consumer debt.

9. Plaintiff's obligations as members and owners are set forth in the recorded declarations as recorded in Miami-Dade Official Records, Book 16685 at Page 2652 (the "Declarations").

10. As an owner, Plaintiff had certain obligations under the Declarations, including to pay timely assessments for his property.

---

[1] http://www.algpl.com/ (last checked June 13, 2016)

11. ALG, at all times material, was and is acting on behalf as a debt collector arising from an alleged debt incurred by the Plaintiff and owed to the Association.

12. The Association, in retaining ALG as its counsel, authorized ALG to engage in collection efforts to collect from Plaintiff.

13. The Association, either directly or through its agents, provided ALG with the amounts due by Plaintiff upon which ALG utilized in ALG's collection efforts on the Association's behalf.

14. To prevail on a FDCPA claim, a plaintiff must prove that: (1) he has been the target of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013); see also 15 U.S.C. §§ 1692a(5), 1692d, 1692e.

15. Fla. Stat. § 559.72(9) states: "[i]n collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

16. ALG is regularly in the practice of collecting debts on behalf of condominium associations. ALG's actions were authorized, ratified, consented to or acquiesced by the Association.

17. ALG regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, by consumers to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

18. ALG regularly uses the mails and other instrumentalities of interstate commerce in its collection or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

19. Any debts owed by Plaintiff to the Association were in default at the time of ALG's collection efforts.

20. ALG has repeatedly engaged in unlawful, misleading and false acts in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21. All conditions precedent to this action have been performed, occurred, or have been waived by the Defendants.

22. Florida Statute 718.116 (3) states:

> Assessments and installments on assessments which are not paid when due bear interest at the rate provided in the declaration, from the due date until paid. The rate may not exceed the rate allowed by law, and, if no rate is provided in the declaration, interest accrues at the rate of 18 percent per year. If provided by the declaration or bylaws, the association may, in addition to such interest, charge an administrative late fee of up to the greater of $25 or 5 percent of each delinquent installment for which the payment is late. Any payment received by an association must be applied first to any interest accrued by the association, then to any administrative late fee, then to any costs and reasonable attorney fees incurred in collection, and then to the delinquent assessment.

23. Because of ALG's actions, Plaintiff has retained the undersigned as counsel and has agreed to pay a reasonable fee.

### COUNT I - FDCPA VIOLATION against ALG
### (June 25, 2015 correspondence)

24. Plaintiff incorporates Paragraphs 1 - 23 as if fully set forth herein.

25. On June 25, 2015, ALG sent Plaintiff a letter demanding payment of a debt allegedly owed by Plaintiff to the Association. A copy of the letter is attached hereto as **Exhibit "A."** The

correspondence stated that if Plaintiff did not pay the full amount due within 30 days of receipt that a Claim of Lien would be recorded.

26. ALG demanded that Plaintiff pay $16,614.94 to satisfy Plaintiff's debt to the Association. Notably, the June 25, 2015 letter stated that additional amounts above $16,614.94 may be owed if payment was made after June 4, 2015.

27. The debt demanded in Exhibit A was incorrect as it: 1) sought overstated interest amounts, 2) sought to recover amounts barred by the applicable Statute of Limitation, 3) was based on a ledger that did not apply payments pursuant to the clear language of Fla. Stat. 718.116 (3), and (4) charged interest on interest.

28. This communication violated 15 USC 1692f by collecting or attempting to collect amounts of debt not expressly authorized by the agreement creating the debt or permitted by law.

29. This communication violated 15 USC 1692e (2)(A) by making a false representation of the character and/or amount and/or legal status of the supposed debt.

30. This communication violated 15 USC 1692e (5) by making a threat to take an action that legally cannot be taken.

31. This communication violated 15 USC 1692e (10) by using false representation or deceptive means to collect or attempt to collect amount the debt.

32. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

### COUNT II  - FCCPA VIOLATION against ALG and the Association
### (for June 25, 2015 correspondence)

33. Plaintiff incorporates Paragraphs 1 – 23, 25, 26, and 27 as if fully set forth herein.

34. ALG and the Association knew that the debts were illegitimate and the legal right to collect those amounts did not exist.

35. ALG and the Association violated Fla. Stat. 559.72(7) by willfully engaging in conduct which could be reasonably expected to abuse or harass Plaintiff or any member of his family.

36. ALG and the Association violated Fla. Stat 559.72 (9) where they claimed, attempted or threatened to enforce a debt when ALG and the Association knew the debt was not legitimate, or asserted the existence of some other legal right when the Association and ALG knew the right did not exist.

37. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

## COUNT III  - FDCPA VIOLATION against ALG
### (October 12, 2015 correspondence)

38. Plaintiff incorporates Paragraphs 1 - 23 as if fully set forth herein.

39. On October 12, 2015, ALG sent Plaintiff a letter stating that a Claim of Lien was filed and that the Association was intending on foreclosing the lien if full payment was not made. A copy of the letter is attached hereto as **Exhibit B**.

40. ALG demanded in **Exhibit B** that Plaintiff pay $40,006.75 (plus further incurred fees, costs, and interest from October 8, 2015) to satisfy Plaintiff's debt to the Association.

41. The debt demanded in **Exhibit B** was incorrect as it:  1) sought overstated interest amounts, 2) sought to recover amounts barred by the applicable Statute of Limitation, 3) was based on a ledger that did not apply payments pursuant to the clear language of Fla. Stat. 718.116 (3), and (4) charged interest on interest.

42. This communication violated 15 USC 1692f by collecting or attempting to collect amounts of debt not expressly authorized by the agreement creating the debt or permitted by law.

43. This communication violated 15 USC 1692e (2)(A) by making a false representation of the character and/or amount and/or legal status of the supposed debt.

44.  This communication violated 15 USC 1692e (5) by making a threat to take an action that legally cannot be taken.

45. This communication violated 15 USC 1692e (10) by using false representation or deceptive means to collect or attempt to collect amount the debt.

46. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

### COUNT IV  - FCCPA VIOLATION against ALG and the Association
### (October 12, 2015 correspondence)

47. Plaintiff incorporates Paragraphs 1 – 23, 39, 40, and 41 as if fully set forth herein.

48. ALG and the Association knew that the debts were illegitimate and the legal right to collect those amounts did not exist.

49. ALG and the Association violated Fla. Stat. 559.72(7) by willfully engaging in conduct which could be reasonably expected to abuse or harass Plaintiff or any member of his family.

50. ALG and the Association violated Fla. Stat 559.72 (9) where they claimed, attempted or threatened to enforce a debt when ALG and the Association knew the debt was not legitimate, or asserted the existence of some other legal right when the Association and ALG knew the right did not exist.

51. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

### COUNT V  - FDCPA VIOLATION against ALG
### (Claim of Lien)

52. Plaintiff incorporates Paragraphs 1 - 23 as if fully set forth herein.

53. On October 8, 2015, a Claim of Lien by ALG on behalf of the Association was filed against Plaintiff for $40,006.75, for "Regular and Special Assessments, Interest, Late Charges,

Costs, & Attorney's Fees due Prior Attorney, if any," incurred from August 31, 2007 through September 21, 2015. See **Exhibit C**.

54. The debt demanded in **Exhibit C** was incorrect as it:  1) sought overstated interest amounts, 2) sought to recover amounts barred by the applicable Statute of Limitation, 3) was based on a ledger that did not apply payments pursuant to the clear language of Fla. Stat. 718.116 (3), and (4) charged interest on interest.

55. This communication violated 15 USC 1692f by collecting or attempting to collect amounts of debt not expressly authorized by the agreement creating the debt or permitted by law.

56. This communication violated 15 USC 1692e (2)(A) by making a false representation of the character and/or amount and/or legal status of the supposed debt.

57. This communication violated 15 USC 1692e (5) by making a threat to take an action that legally cannot be taken.

58. This communication violated 15 USC 1692e (10) by using false representation or deceptive means to collect or attempt to collect amount the debt.

59. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

### COUNT VI  - FCCPA VIOLATION against ALG and the Association
### (Claim of Lien)

60. Plaintiff incorporates Paragraphs 1 – 23, 53, and 54 as if fully set forth herein.

61. ALG and the Association knew that the debts were illegitimate and the legal right to collect those amounts did not exist.

62. ALG and the Association violated Fla. Stat. 559.72(7) by willfully engaging in conduct which could be reasonably expected to abuse or harass Plaintiff or any member of his family.

63. ALG and the Association violated Fla. Stat 559.72 (9) where they claimed, attempted or threatened to enforce a debt when ALG and the Association knew the debt was not legitimate, or asserted the existence of some other legal right when the Association and ALG knew the right did not exist.

64. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

## COUNT VII - FDCPA VIOLATION against ALG
### (State Court Lawsuit)

65. Plaintiff incorporates Paragraphs 1 - 23 as if fully set forth herein.

66. The Association, through ALG, filed suit against Plaintiff in Florida state court, in Miami-Dade County under case number 2016-001469-CA-01seeking to foreclose on the Association's Claim of Lien. See **Exhibit D**.

67. The debt demanded in **Exhibit D** was incorrect as it: 1) sought overstated interest amounts, 2) sought to recover amounts barred by the applicable Statute of Limitation, 3) was based on a ledger that did not apply payments pursuant to the clear language of Fla. Stat. 718.116 (3), and (4) charged interest on interest.

68. This communication violated 15 USC 1692f by collecting or attempting to collect amounts of debt not expressly authorized by the agreement creating the debt or permitted by law.

69. This communication violated 15 USC 1692e (2)(A) by making a false representation of the character and/or amount and/or legal status of the supposed debt.

70. This communication violated 15 USC 1692e (5) by making a threat to take an action that legally cannot be taken.

71. This communication violated 15 USC 1692e (10) by using false representation or deceptive means to collect or attempt to collect amount the debt.

72. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

### COUNT VIII - FCCPA VIOLATION against ALG and the Association
### (State Court Lawsuit)

73. Plaintiff incorporates Paragraphs 1 – 23, 66, and 67 as if fully set forth herein.

74. ALG and the Association knew that the debts were illegitimate and the legal right to collect those amounts did not exist.

75. ALG and the Association violated Fla. Stat. 559.72(7) by willfully engaging in conduct which could be reasonably expected to abuse or harass Plaintiff or any member of his family.

76. ALG and the Association violated Fla. Stat 559.72 (9) where they claimed, attempted or threatened to enforce a debt when ALG and the Association knew the debt was not legitimate, or asserted the existence of some other legal right when the Association and ALG knew the right did not exist.

77. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

### COUNT IX - FDCPA VIOLATION against ALG
### (March 21, 2016 communication)

78. Plaintiff incorporates Paragraphs 1 - 23 as if fully set forth herein.

79. On March 21, 2016, ALG sent Plaintiff a letter demanding payment of a debt allegedly owed by Plaintiff to the Association. A copy of the letter is attached hereto as **Exhibit "E."**

80. ALG demanded that Plaintiff pay $47,895.59 to satisfy Plaintiff's debt to the Association.

81. The debt demanded in **Exhibit E** was incorrect as it:  1) sought overstated interest amounts, 2) sought to recover amounts barred by the applicable Statute of Limitation, 3) was based on a ledger that did not apply payments pursuant to the clear language of Fla. Stat. 718.116

(3), (4) charged interest on interest, and (5) contained an unknown and explained "Previous Management Balance" of $19,162.58.

82. This communication violated 15 USC 1692f by collecting or attempting to collect amounts of debt not expressly authorized by the agreement creating the debt or permitted by law.

83. This communication violated 15 USC 1692e (2)(A) by making a false representation of the character and/or amount and/or legal status of the supposed debt.

84. This communication violated 15 USC 1692e (5) by making a threat to take an action that legally cannot be taken.

85. This communication violated 15 USC 1692e (10) by using false representation or deceptive means to collect or attempt to collect amount the debt.

86. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

## COUNT VIII - FCCPA VIOLATION against ALG and the Association
### (State Court Lawsuit)

87. Plaintiff incorporates Paragraphs 1 – 23, 79, 80, and 81 as if fully set forth herein.

88. ALG and the Association knew that the debts were illegitimate and the legal right to collect those amounts did not exist.

89. ALG and the Association violated Fla. Stat. 559.72(7) by willfully engaging in conduct which could be reasonably expected to abuse or harass Plaintiff or any member of his family.

90. ALG and the Association violated Fla. Stat 559.72 (9) where they claimed, attempted or threatened to enforce a debt when ALG and the Association knew the debt was not legitimate, or asserted the existence of some other legal right when the Association and ALG knew the right did not exist.

91. Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, attorney's fees, prejudgment interest, and costs of the instant suit.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

DATE: June 24, 2016

Respectfully submitted,

/s/ Scott M. Janowitz_____
Scott M. Janowitz, Esq. / FBN: 23737
scott@lawjbs.com
JANOWITZ, BARRETO & SCHATZMAN, P.A.
5246 S.W. 8th St., Ste 205-E
Coral Gables, FL 33134
Telephone / Fax: (305) 985 – 3131